**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DONTAE DANIELS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOHN WHETSEL, Sheriff, et al., )<br>)<br>Defendants. ) | Case No. CIV-06-406-F |

## O R D E R

On May 30, 2006, United States Magistrate Judge Doyle W. Argo entered an order, granting plaintiff's motion for leave to proceed *in forma pauperis.* Magistrate Judge Argo ordered plaintiff to pay, on or before June 14, 2006, an initial partial filing fee of $5.08. Magistrate Judge Argo advised that unless plaintiff had either paid the initial partial filing fee or shown cause in writing for the failure to pay by June 14, 2006, plaintiff's action would be subject to dismissal without prejudice.

Subsequently, on June 30, 2006, Magistrate Judge Argo entered a Report and Recommendation, wherein he recommended that plaintiff's action under 42 U.S.C. § 1983 be dismissed without prejudice to refiling due to the failure of plaintiff to pay the initial partial filing fee of $5.08 and the failure of plaintiff to show cause for his failure to do so. Magistrate Judge Argo advised plaintiff to file any objections to the Report and Recommendation by July 20, 2006.

Plaintiff filed two objections to the Report and Recommendation, one on July 14, 2006 and the other on July 19, 2006. On July 26, 2006, the court entered an order deferring a ruling upon Magistrate Judge Argo's Report and Recommendation. The court granted plaintiff an extension of time, until August 10, 2006, to send the initial partial filing fee of $5.08 to the court clerk. The court stated that if plaintiff failed to

send the initial partial filing fee to the court clerk by August 10, 2006, and failed to show cause for his failure to send the court clerk the initial partial filing fee, the court would accept Magistrate Judge Argo's Report and Recommendation and dismiss the case without prejudice to refiling.

Plaintiff failed to comply with the court's order.  Therefore, on August 11, 2006, the court entered an order accepting Magistrate Judge Argo's Report and Recommendation and dismissing the case without prejudice to refiling.  A separate judgment was entered that same date.

Presently before the court is the motion of plaintiff requesting the court to reconsider the dismissal of his action without prejudice.  In his motion, plaintiff sets forth certain events occurring between July 26, 2006, the date of the court's order, and August 11, 2006, the date of the court's judgment.  Plaintiff requests the court to reconsider its dismissal in light of those events and to also waive the initial filing fee due to his inability to pay the fee.

As plaintiff's motion was not filed within ten days of the judgment dismissing this case, the court construes plaintiff's motion as one for relief from judgment under Fed. R. Civ. P. 60(b).  Hatfield v. Board of County Com'rs for Converse County, 52 F.3d 858, 861 (10th Cir. 1995).  Rule 60(b)provides five specific reasons that a district court may "relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b)(1)-(5).  Rule 60(b)(6) provides relief for "any other reason justifying relief from the operation from the judgment."  Relief under Rule 60(b)(6) is extraordinary and may only be granted in exceptional circumstances.  Bud Brooks Trucking, Inc. V. Bill Hodges Trucking Co., Inc., 9009 F.2d 1437, 1440 (10th Cir. 1990).

Upon review, the court concludes that plaintiff has failed to show entitlement to relief under Rule 60(b)(6).  In the court's view, plaintiff has failed to sufficiently

2

demonstrate that from August 3, 2006, the date he received the court's order, to August 11, 2006, the date the court's judgment was entered, he was absolutely precluded by the cited events from either paying the initial partial filing fee or filing a document with the court showing cause for his failure to pay the partial filing fee. Plaintiff also has not shown that he was absolutely precluded from seeking leave from the court to obtain an extension of time to comply with the July 26, 2006 order, if he was unable to comply within the time prescribed.[1]

Accordingly, Plaintiff's Motion of Reconsideration of Order to Dismiss Defendant Complaint of Violation of Constitutional Rights, filed November 1, 2006 (doc. no. 18), is **DENIED**.

ENTERED this 3rd day of November, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0406p005.wpd

---

[1] As stated, plaintiff, in addition to seeking to reopen the case, seeks a waiver of the initial partial filing fee. The court notes, however, that plaintiff has failed to provide the necessary financial information for the court to decide whether such a waiver would be appropriate. Therefore, even if the case had been reopened for the reasons stated by plaintiff, the requested waiver would have been denied.